16 F.3d 1220
 145 L.R.R.M. (BNA) 2576
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
MACOMB CONTRACTING CORP., Respondent.
 No. 93-6393.
 United States Court of Appeals, Sixth Circuit.
 Jan. 31, 1994.
 
 Before: JONES, NORRIS and SUHRHEINRICH, Circuit Judges.
 
 
 1
 On October 25, 1993, the National Labor Relations Board (the "Board") applied to this court for summary enforcement of its July 21, 1993, judgment in Case No. 7-CA-34199 finding the Respondent violated federal labor law and setting forth remedial measures to be taken by the Respondent as a result thereof. In response, the Respondent's president wrote a letter asking for a 30-day extension of time for the purpose of obtaining legal representation. The clerk granted such an extension by order of November 23, 1993. We have received no further communications from the Respondent since that time. In light of said failure to respond and upon consideration, we conclude the Board is entitled to summary enforcement of its judgment.
 
 
 2
 It therefore is ORDERED that the Respondent Macomb Contracting Corp., of Clinton Township, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from
 
 3
 (a) Holding out the possibility of employee promotion if employees refrained from calling the Union's attention to the Respondent's asserted contract violation regarding employee fringe benefits.
 
 
 4
 (b) Telling employees that they were not being recalled to work because of employee discussions with the Union about employee benefits.
 
 
 5
 (c) Failing and refusing to recall its employee Matthew Johnson because he had discussed contractual employee benefits and the Respondent's contributions for these benefits with the Union.
 
 
 6
 (d) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 7
 2. Take the following affirmative action necessary to effectuate the policies of the Act:
 
 
 8
 (a) Offer Matthew Johnson immediate and full reinstatement to his former job or, if that job no longer exists, to a substantially equivalent position, without prejudice to his seniority or any other rights or privileges previously enjoyed, and make him whole for any loss of earnings or other benefits suffered as a result of the discrimination against him, in the manner set forth in the remedy section of the Board's decision.
 
 
 9
 (b) Expunge from its files any and all references to the unlawful refusal to recall Matthew Johnson and notify him in writing that this has been done.
 
 
 10
 (c) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 11
 (d) Post at its facility in Clinton Township, Michigan, copies of the attached notice marked "Appendix. Copies of the notice, on forms provided by the Regional Director for Region 7, after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 12
 (e) Notify the Regional Director in writing within 20 days from the date of this Judgment, what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 POSTED PURSUANT TO A JUDGMENT OF
 THE UNITED STATES COURT OF APPEALS
 ENFORCING AN ORDER OF THE NATIONAL
 LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 13
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 14
 WE WILL NOT hold out the possibility of employee promotion if employees refrain from calling the Union's (Local 324, International Union of Operating Engineers, AFL-CIO) attention to our asserted contract violations regarding employee fringe benefits.
 
 
 15
 WE WILL NOT tell employees that they are not being recalled to work because of employee discussions with the Union about employee benefits.
 
 
 16
 WE WILL NOT fail and refuse to recall our employee Matthew Johnson because he had discussed contractual employee benefits and our contributions for these benefits with the Union.
 
 
 17
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 18
 WE WILL offer Matthew Johnson immediate and full reinstatement to his former job or, if that job no longer exists, to a substantially equivalent job, without prejudice to his seniority or any other rights and privileges previously enjoyed, and WE WILL make him whole for any loss of earnings and other benefits suffered as a result of the discrimination against him, with interest.
 
 
 19
 WE WILL notify Matthew Johnson that we have removed from our files any reference to our refusal to recall him and that we will not use the refusal to recall him against him in any way.
 
 
 20
 MACOMB CONTRACTING CORP.